United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1075

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-42010-ELM-11** |
| **Vintage Restoration Services, LLC,** | § | |
| | § | |
| | § | |
| | § | |
| | § | **Hearing Date:  September 4, 2025** |
| **Debtor-in-Possession.** | § | **Hearing Time: 1:30 PM CT** |

### United States Trustee's Motion to Dismiss Case under 11 U.S.C. § 1112(b)

TO THE HONORABLE EDWARD LEE MORRIS, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 ("United States Trustee"),

moves to dismiss the above-referenced Debtor under 11 U.S.C. § 1112(b).   The United

States Trustee would respectfully show:

### Summary

The Debtor, which owns four rental properties, is no longer interested in remaining

in chapter 11 and consents to dismissal.  The Debtor has also failed to 1) amend its

schedules to correct real estate addresses and values; 2) file its June 2025 operating report;

or 3) remit U.S. Trustee quarterly fees for second quarter 2025. These factors constitute

cause for dismissal.

**<u>Jurisdiction</u>**

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. §

157(a)(1), and the standing order of reference.  Dismissal or conversion under 11 U.S.C. §

1112(b) impacts the case administration and therefore is a core matter that the Court has

the power to resolve.  28 U.S.C. § 157(b)(2)(A).

**<u>Facts</u>**

<u>General background</u>

2.      On June 2, 2025, ("Petition Date"), Vintage Restoration Services, LLC ("Debtor")

filed a voluntary chapter 11 petition in the U.S. Bankruptcy Court for the Northern District

of Texas, commencing case no. 25-42010-ELM-11.

3.      Lisa Lee ("Ms. Lee") signed the Petition, Schedules, and Statement of Financial

Affairs ("SOFA").

<u>Assets and liabilities</u>

4.      The Debtor averred on Schedule A/B that, as of the Petition Date, it had $5,079.00

in personal property and $489,000.00 in real property.

5.      The Debtor's personal property consisted of cash held in three checking accounts.

6.      The Debtor averred, on Schedule A/B, that it owns the following real estate:

     a.   601 Fegan Street, Weatherford, TX, valued at $250,000.00 ("Weatherford

        Property");

     b.   3122 Specklebelly Drive, Baytown, TX, valued at $150,000.00 ("Baytown

        Property");

    c.  6611 Elmhouse Street, Dallas, TX, valued at $77,000.00 ("Dallas

       Property");

    d.  4217 Toledo Avenue, Fort Worth, TX 76133, valued at $12,000.00 ("Fort

       Worth Property").

7.      The Debtor averred on Schedule D and E/F that, as of the Petition Date, it owed $528,875.00 in secured claims and had no priority or general unsecured debts.

Debtor's Schedule A/B inaccuracies.

8.      United States Trustee Trial Attorney Erin Schmidt ("Ms. Schmidt") presided over the July 11, 2025, § 341 meeting of creditors ("Original § 341"), where Ms. Lee appeared and testified under oath.

9.      Ms. Lee's testimony revealed that the Schedules were not accurate.

10.     The Baytown Property, which the Debtor does not own, was listed on Schedule A/B by mistake.

11.     The Debtor failed to schedule property located at  2200 McKee Drive, Orange, TX ("Orange Property") on Schedule A/B, which the Orange County tax assessor's office appraised at $147,000.00.

12.     The Debtor did not list any leases on Schedule G or past due rent receivables on Schedule A/B.

13.     The Dallas Property has a tenant who has not paid rent in calendar year 2025.

14.     The Debtor valued the Fort Worth Property at $412,000.00, even though the Tarrant County appraisal district valued the property at $313,499.

15.     Ms. Schmidt continued the Original § 341 to August 8, 2025, to give the Debtor an opportunity to amend the Schedules.

16. The Debtor did not file amended Schedules.

17. At the August 8, 2025, § 341 meeting ("Continued § 341"), Debtor's counsel Marilyn Garner indicated that the Debtor was no longer interested in pursuing reorganization and that the Debtor agrees to dismissal.

No June 2025 operating report

18. The Debtor has not filed its June 2025 operating report, which was due July 20, 2025.

19. The Debtor owes $250.00 in quarterly fees for 2nd quarter 2025, which were delinquent after July 31, 2025.

## **Argument**

Overview

20. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot convert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

No reasonable likelihood of reorganization

21. The Court may dismiss a case if there is substantial and continuing loss to the estate and the absence of any reasonable likelihood of reorganization. 11 U.S.C. § 1112(b)(4)(A).

22. The Debtor has no interest in remaining in chapter 11, as indicated by its consent to dismissal and its failure to file amended Schedules. Meanwhile, the Debtor continues to

incur such administrative costs such as the attorney's fees and expenses as well as U.S. Trustee quarterly fees.

23.     These facts constitute cause for dismissal under 11 U.S.C. § 1112(b)(4)(A).

Failure to file operating reports or pay U.S. Trustee quarterly fees

24.     A chapter 11 case may also be dismissed if the debtor fails to timely satisfy any reporting requirements or provide information reasonably requested by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F) and (H).

25.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

> Local Bankruptcy Rule 2020-1.

26.     The United States Trustee's *Guidelines for Chapter 11 Cases Operating Instructions and Reporting Requirements Northern & Eastern Districts of Texas Region VI*[1] ("*Guidelines*") requires debtors to file periodic monthly operating reports.

27.     The Debtor's failure to file any operating reports for June 2025 constitutes additional cause for dismissal.

28.     In addition, the Debtor also owes $250.00 in quarterly fees for second quarter 2025, which constitutes additional cause for dismissal under 11 U.S.C. § 1112(b)(4)(K).

### **Conclusion**

---

[1] The latest version of the *Guidelines,* which was last updated in February 2024, may be found on the United States Trustee's Region 6 website.

The United States Trustee respectfully requests that the Court dismiss this case.

The United States Trustee further respectfully requests that the Court grant any other relief

to which she might be entitled.

DATED: August 12, 2025   Respectfully submitted,

          LISA L. LAMBERT
          UNITED STATES TRUSTEE

          */s/ Erin Marie Schmidt*
          Erin Marie Schmidt
          Trial Attorney
          Texas State Bar No. 24033042
          Office of the United States Trustee
          1100 Commerce Street, Room 976
          Dallas, Texas  75242
          (214) 767-1075
          Erin.Schmidt2@usdoj.gov

### Certificate of Conference

I certify that on August 8, 2025, I conferred with Debtor's counsel Marilyn Garner, who confirmed that the Debtor agrees to dismissal of this case.

          */s/ Erin Marie Schmidt*
          Erin Marie Schmidt

### Certificate of Service

I certify that this Motion was served out on August 12, 2025, on all parties listed on the attached matrix via first class U.S. Mail, postage prepaid.

          */s/ Erin Marie Schmidt*
          Erin Marie Schmidt